IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLAS SQUIRES** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 25-CV-5490** |
| | : | |
| **LANCASTER COUNTY PRISON** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                        NOVEMBER 26, 2025

Plaintiff Nicolas Squires initiated this *pro se* civil action by filing a complaint alleging claims against Lancaster County Prison ("LCP") and other unnamed individuals under federal and state law. (*See* ECF No. 2 ("Compl.") at 1.) Squires also seeks leave to proceed *in forma pauperis*. (ECF No. 1, 5, and 6.) For the following reasons, Squires' request to proceed *in forma pauperis* is granted and his Complaint is dismissed. Squires is granted leave to file an amended complaint.

**I.        FACTUAL ALLEGATIONS**[1]

Squires states that his claims arise from "unlawful, abusive, and corrupt practices" he was subjected to while an inmate at LCP from approximately May 15, 2025 to July 10, 2025. (Compl. at 1.) As Defendants, Squires names LCP, "its administration, corrections officers, medical staff, and contracted vendors who engaged in, directed, or allowed the violations" that he alleges in the Complaint. (ECF No. 2 at 1.)

---

[1] The factual allegations set forth in this Memorandum are taken from Squires's Complaint (ECF No. 2). The Court adopts the pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

Squires maintains that he "was possibly arrested without a valid bench warrant" prior to his incarceration. (*Id.*) While at LCP, he alleges that he was drugged after drinking hot water, causing him to pass out. (*Id.*) He further claims that "Defendants engaged in a cover-up operation, obstructing justice, conspiring with others, and suppressing reports of misconduct." (*Id*. at 2.) Squires avers that he reported these offenses to outside law enforcement and the FBI, but they did not act. (*Id.*) Squires contends that wrongdoing was allegedly concealed because LCP guards bribed members of the media and law enforcement. (*Id.*) Squires alleges that he was subjected to "abuse by corrections staff, wrongful medical treatment, and coordinated efforts to conceal misconduct." (*Id.*) He also contends that LCP operates a tablet subscription scheme with vendors that provides bootlegged and unlicensed media content. (*Id.*)

Squires alleges claims for violations of the Fourth, Eighth, and Fourteenth Amendments, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Digital Millenium Copyright Act ("DMCA") and copyright laws – apparently related to the tablet subscription content, as well as state law claims including medical malpractice, fraudulent misrepresentation, and unjust enrichment. (*Id*. at 3.) He also alleges that federal and state criminal laws were broken. (*Id.*) He seeks money damages, declarative and injunctive relief, and attorneys' fees and costs.[2] (*Id.*)

---

[2] Squires's requests for a declaratory judgment and injunctive relief will be dismissed. Declaratory relief is unavailable to adjudicate past conduct, so his request for this type of relief is improper. *See Corliss v. O' Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App' x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Likewise, the Court will also dismiss his requests for injunctive relief concerning "reforms to prison procedures, including proper medical treatment, prohibition of forced drugging," and a halt to the alleged, fraudulent tablet scheme. (Compl. at 3.) Squires is no longer incarcerated at LCP and his injunctive requests are thus moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (explaining that an inmate's request for injunctive and declaratory relief becomes moot upon his release from prison); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) (concluding that plaintiff's

**II.    STANDARD OF REVIEW**

The Court grants Squires leave to proceed *in forma pauperis* because it appears that he cannot afford to pay the filing fee. When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the Complaint fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court also construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v.*

---

release from prison mooted injunctive relief request where he "could have no interest in the library and legal resources provided at the [prison]" (cleaned up)).

*Shenango, Inc.,* 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

### III.  DISCUSSION

#### A.  Claims Alleged Under 28 U.S.C. § 1983

Squires cites to several constitutional amendments as the bases for his claims. (Compl. at 2-3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

##### 1.  Claims Against LCP

4

Squires alleges § 1983 claims directly against LCP in this action. However, LCP is not a proper defendant. In order to bring claims under § 1983, the plaintiff must show a deprivation committed by a *person* acting under color of state law. *West*, 487 U.S. at 48 (emphasis added). A jail or correctional facility is not a "person" under § 1983 and, thus, not an appropriate defendant in this action. *Edwards v. Bucks Cnty. Corr. Facility*, No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."). The § 1983 claims against LCP is dismissed with prejudice for this reason. Should Squires attempt to amend the Complaint to raise constitutional claims, he must allege claims against persons acting under color of state law to proceed.

### 2. Claims Against the LCP "Administration, Corrections Officers, Medical Staff, and Contracted Vendors"

Squires attempts to include LCP "administration, corrections officers, medical staff, and contracted vendors" as Defendants in the lawsuit, but identifies no individuals within those groups who allegedly perpetrated the violations. (Compl. at 2.) In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207. As noted above, Squires collectively refers in his § 1983 causes of action to "Defendants" without specifying what each individual did or did not do that violated his rights. (*See* Compl. at 2, 3.) Pleading in such a manner is insufficient to put a defendant on notice of the conduct with which he is charged and does not state a plausible claim. *Rode*, 845 F.3d at 1207. If he chooses to amend his Complaint, Squires should keep in mind that, while he may name individuals for whom he does not have any identifying information and may refer to those individuals as John Doe #1 or John Doe #2, *etc.*, he must describe their alleged individual behaviors. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014)

5

(concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." (quoting *Iqbal*, 556 U.S. at 677)). Therefore, he has not alleged the personal involvement of any official in an action that violated his constitutional rights. *Rode*, 845 F.2d at 1207. Accordingly, the § 1983 claims alleged against the LCP "Administration, Corrections Officers, Medical Staff, and Contracted Vendors" cannot proceed as pleaded.

### B. Claims for Copyright Infringement and Violation of the DMCA

Squires appears to contend that the prison's broadcast of allegedly bootlegged content available under the prison tablet subscription violates copyright laws. He attempts to raise a claim for copyright infringement, but because he does not allege that he is the *owner* of any copyrighted material, he lacks standing to bring such a claim. Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The plaintiff asserting a copyright infringement claim "bears the burden of proving standing by demonstrating its ownership of the subject copyright." *Minden Pictures Inc. v. Ammoland, Inc.*, No. 20-2276, 2023 WL 4288332, at *5 (D.N.J. June 30, 2023) (cleaned up); *see also Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)) (explaining that a plaintiff must show ownership of a valid copyright in order to establish a claim for infringement of copyright).

Squires pleads no facts that would support an inference that he owns a valid copyright to the broadcast material. Without any plausible allegation of ownership, Squires has no standing to bring a copyright infringement claim. The claim will also be dismissed.

Squires also asserts that the DMCA, 17 U.S.C. § 1201, *et seq.*, was violated through the "circumvention of digital protections." (Compl. at 2.) The DMCA and traditional copyright laws are similar in that they both protect the property rights of authors and copyright holders. *New York Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 312 (S.D.N.Y. 2025) ("For both DMCA and traditional copyright infringement claims, the harm involves an injury to "an author's property right in his original work of authorship." (quotations and citation omitted)). "The DMCA addresses the 'need of copyright owners for legal sanctions to enforce various technological measures they had adopted to prevent the unauthorized reproduction of their works.'" *Maule v. Anheuser Busch, LLC*, No. 17-461, 2018 WL 3608934, at *5 (E.D. Pa. July 27, 2018) (*quoting Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 300 (3d Cir. 2011) (quotations omitted).

Once again, Squires's claim fails because he has not alleged any type of ownership interest in material in which "digital protections" were allegedly circumvented and would have caused him injury. Although causes of action are not limited exclusively to copyright owners in the language of § 1203, "the U.S. Supreme Court has found that "a statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *VidAngel LLC v. ClearPlay, Inc.*, 703 F. Supp. 3d 1329, 1334 (D. Utah 2023) (noting that "[t]he court is not aware of any cases extending the cause of action in Section 1203 beyond copyright owners and owners of an access control measure."). In the DMCA context, the zone of interests does not include a party who alleges injury but who has no legal interest whatsoever in any of the material. *Id*. at 1336 (explaining that the fact "that Congress intended a statute to be enforced does

7

not mean that anyone seeking to enforce that statute falls within its zone of interests."); *see also Sheldon v. Plot Com.*, No. 15-5885, 2016 WL 5107072, *9–10 (E.D.N.Y. Aug. 26, 2016) (noting that the Copyright Act and the DMCA create private rights of action for "owners" of copyrights and citing to § 1203). Squires has alleged neither an injury nor, crucially, that he has any ownership interests in the material. He therefore does not fall within the zone of interests protected by the DMCA. Squires has not stated a plausible claim under the DMCA, and it will be dismissed.

### C. Claims of Criminal Law Violations

Squires also alleges that Defendants have obstructed justice and bribed media and law enforcement to cover up their misconduct, in violation of state and federal criminal laws. (*See* Compl. at 3, Counts V and VI.) These claims cannot proceed because Squires has no private right of action to enforce criminal laws. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (explaining the Court's history of refusing to infer a private right of action from a "bare criminal statute"). For that reason, Counts V and VI are dismissed with prejudice.

### D. RICO Claim

The RICO Act "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). Section 1962(d) expands liability under the statute by making it "unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]." 18 U.S.C. § 1962(d). The RICO statute provides that "[a]ny person injured in his business or property by reason of a violation

8

of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). However, "[i]n order to have standing to litigate a civil RICO claim, a plaintiff must show that [he] suffered an injury to [his] business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (*per curiam*). Because "[i]njuries to one's business or property differ from injuries to one's person," the United States Court of Appeals for the Third Circuit "has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 483, 492 (3d Cir. 2000)).

Although Squires attempts to plead a RICO claim by alleging a "pattern" of various illegal activities, he does not contend that the so-called "pattern" harmed a business or property belonging to him. Aside from the improperly- and/or implausibly-pleaded claims in the Complaint like copyright infringement and criminal law violations, Squires asserts only personal injuries in this lawsuit. This is clearly an insufficient basis on which to plead a RICO claim. *See Maio*, 221 F.3d at 501 (affirming dismissal of RICO claim for lack of standing). Accordingly, the Court lacks standing over his RICO claim and it will dismiss this claim without prejudice.

### E. State Law Claims

Squires seeks to assert claims under Pennsylvania law for medical malpractice, fraudulent misrepresentation and deceptive practices, and unjust enrichment. (Compl, at 3 (Counts IV, VII, and IX).) However, he has not pleaded an independent basis for the Court's jurisdiction over those claims.[3] District courts may exercise jurisdiction over cases raising claims exclusively under state

---

[3] Because the Court has dismissed Squires's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

Squires does not plead the citizenship of any party. He does not expressly plead where he currently resides, but he does provide a Harrisburg, Pennsylvania, address in the signature block of his Complaint. (Compl. at 4.). As to the one named, ascertainable Defendant, LCP is located in Lancaster, Pennsylvania. The fact that he sued LCP therefore suggests that both he and the Defendant are Pennsylvania citizens. Because there does not appear to be complete diversity, the state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Squires leave to proceed *in forma pauperis* and dismiss his Complaint. Squires's claims alleging violations of criminal statutes (Counts V and VI), and all § 1983 claims alleged against LCP will be dismissed with prejudice and without leave to amend since any attempt would prove futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108, 110 (3d Cir. 2002). The remainder of Squires's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief and for lack of subject matter jurisdiction. Squires may file an amended complaint as to any claims dismissed without prejudice.

    An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*